1  Gary A. Hecker, Esq. (State Bar No. 099008)
   James M. Slominski, Esq. (State Bar No. 166357)
2  **THE HECKER LAW GROUP, PLC**
   1925 Century Park East, Suite 2300
3  Los Angeles, California 90067
   Telephone:  (310) 286-0377
4  Facsimile:   (310) 286-0488
   Email:       ghecker@hh.com
5               jslominski@hh.com

6  Attorneys for Plaintiff
   Network Video Technologies, Inc.          E-filing

8
                IN THE UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11                                  CV 08    2208

12  NETWORK VIDEO                   Civil Action No.
13  TECHNOLOGIES, INC.,

14                      Plaintiff,  **COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY**
15              v.

16  NITEK INTERNATIONAL, LLC;
    and DOES 1-10,                  **DEMAND FOR JURY TRIAL**
17
                        Defendants.
18

21       Plaintiff, NETWORK VIDEO TECHNOLOGIES, INC., by and through its
22  undersigned counsel, brings this action against Defendants NITEK
23  INTERNATIONAL, LLC and DOES 1-10 and complains and alleges upon
24  information and belief as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory judgment of non-infringement, invalidity and unenforceability of United States Patent No. 7,193,149.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 2201 et. seq. and 28 U.S.C. §1338(a) et. seq.

3. Venue is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## THE PARTIES

4. Plaintiff, NETWORK VIDEO TECHNOLOGIES, INC. ("NVT"), is a California Corporation in good standing with its principal place of business in this Judicial District at 4005 Bohannon Drive, Menlo Park, California.

5. Defendant, NITEK INTERNATIONAL, LLC ("Nitek"), is an Illinois limited liability doing business in this Judicial District and having its principal place of business at 5410 Newport Drive, Ste. 24, Rolling Meadow, Illinois.

6. Nitek's contacts with the State of California are significant and pervasive. The State of California is a large and important market for the sale of Nitek's products. Nitek has sales representatives and numerous dealers and distributors located in the State of California that market, promote and sell Nitek's products, including those products Nitek claims are covered by the '149 Patent. Nitek has conducted business continuously and systematically in the State of California and in this judicial district for years, and continues that business actively today.

7. Defendants DOES 1-10 are currently unknown to Plaintiff. Plaintiff will amend this Complaint to assert their true names and capacities when ascertained.

8. Defendants, and each of them, are, and at all terms herein were, the alter ego, principal, agent, employee, employer, partner, joint venturer, and/or otherwise affiliated with one another so as to be liable in such capacity for the acts and injuries alleged herein.

2

# FIRST CAUSE OF ACTION
# DECLARATORY JUDGMENT

9. NVT incorporates by reference paragraphs 1-8 as though fully set forth herein.

10. Nitek is the owner of record of United States Patent No. 7,193,149 entitled "System Handling Video, Control Signals and Power" (the '149 Patent). The '149 Patent issued on March 20, 2007.

11. NVT designs, manufactures and sells products for transmitting closed circuit television ("CCTV") over unshielded, twisted pair ("UTP") wire in structured cabling networks, such as those that are commonly used in office buildings for telephone systems and computer networks. NVT's products enable the use of UTP wire in structured cabling systems for video security cameras and security camera system applications ("CCTV systems"). They enable electric power, video signals and data signals to be transmitted over UTP wire. NVT is considered the premier supplier of "power/video/data" twisted pair solutions (PVD$^{tm}$) for the CCTV industry.

12. Like NVT, Nitek sells products for transmitting CCTV over UTP cabling, which include those products Nitek sells under the name "UTPLinks". NVT and Nitek are direct competitors.

13. Nitek broadly claims the '149 Patent covers the use of UTP structured cabling for CCTV applications. Nitek also claims that the '149 Patent covers the "core technology" of its UPTLinks products, which are the products that Nitek sells in competition with NVT's products.

14. Prior to the issuance of the '149 Patent, Nitek did not correspond or communicate directly with NVT, by email or otherwise. However, after the '149 Patent issued, Nitek immediately e-mailed NVT about Nitek's newly issued '149 patent. That e-mail, written by Nitek's president and founder and presented as a patent news release, included notice about Nitek's '149 Patent and alleged that the '149 Patent covered the use of structured cabling for CCTV, for which NVT and

Nitek are direct competitors. Nitek also sent that same e-mail including the same patent news release directly to NVT's customers and sales representatives.

15. Nitek's statements about the '149 Patent and its alleged sweeping scope caused NVT's customers and sales force to become worried about the legal risks associated with selling NVT's products and product solutions. Anixter, Inc., an important customer of NVT and the co-owner of the '149 patent when it issued, also expressed its concern that NVT might face a claim patent infringement by Nitek.

16. Nitek, through its agents, also told NVT sales representatives that Nitek intended to enforce the '149 Patent against competitors and intimated that NVT was a target.

17. Nitek also then attempted to extract royalties from NVT in exchange for a license to the '149 patent.

18. By its actions and statements that the '149 Patent covered the technology in NVT's competing products, product solutions, and product uses, Nitek sought to, and did, create a cloud on the competitive environment and the business community, including with NVT's customers and sales representatives.

19. Nitek also presented an onerous written patent license agreement to NVT for the '149 Patent. Under that license agreement, Nitek sought to severely restrict NVT's competing business and to provide Nitek with a competitive advantage over NVT.

20. According to Nitek, the NVT products that are at-issue include, but are not limited to, NV-16PS13-PVD, NV-16PS10-PVD, NV-8PS13-PVD, NV-704J-PVD, NV-716J-PVD, NV-216A-PV and NV-218A-PVD) and all "combiners" that combine power, video and data and all "distributors" which handle power and video.

21. NVT believes that the '149 patent is invalid, unenforceable and not infringed, and that NVT does not require a license to the '149 patent.

22. NVT denies infringing '149 Patent and asserts it has the right to manufacture and sell its products, including those described above.

23. NVT further asserts the '149 Patent is invalid under Title 35 of the United States Code.

24. NVT further asserts that the '149 Patent is unenforceable due to inequitable conduct by the applicants and/or their representatives and/or agents during the prosecution of the application for the '149 Patent. That inequitable conduct includes making knowingly false statements about prior art to obtain allowance of the '149 Patent claims. Specifically, false statements were included in, at least ¶¶ 7 and 8 of the Declaration of William C. Curran ("Curran Declaration") dated November 30, 2006 and on pages 11 and 12 in the Remarks section of the papers submitted to the Patent Office with the Curran Declaration.

25. As a result of the all of the foregoing, and in light of all the relevant circumstances, there is a substantial controversy of sufficient immediacy and reality between NVT and Defendants as to: (1) Defendants' rights under the '149 Patent; (2) the validity, enforceability, and scope of the '149 Patent; and (3) whether any of NVT's products infringe any valid claims of the '149 Patent, so as to warrant the issuance of a declaratory judgment by this Court.[1]

26. The court should exercise its broad discretion to adjudicate this action under the Declaratory Judgment Act. There is no better or more effective remedy for resolving the present controversy. Such an adjudication will serve the underlying purposes behind the Declaratory Judgment Act, including clarifying the parties legal relations and settling the controversy between the parties with certainty and finality.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff asks this Court to:

a. Enter judgment for Plaintiff that the '149 Patent is invalid and unenforceable;

---

[1] Plaintiff originally sued in the United States District Court for the Central District of California, Case No. CV-07-4789 AHM (RZx). While the District Court determined that there was a controversy sufficient to warrant declaratory relief, the Court dismissed the case without prejudice on discretionary grounds believing that venue in the Central District was tenuous.

5

b.  Enter judgment for Plaintiff of non-infringement;

c.  Award Plaintiff its reasonable attorneys' fees and costs; and

d.  Award Plaintiff such other and further relief as is just and proper.

DATED: April 28, 2008

Respectfully submitted,
THE HECKER LAW GROUP, PLC

By: _____
Gary A. Hecker, Esq.
James M. Slominski, Esq.

Attorneys for Plaintiff
Network Video Technologies, Inc.

## DEMAND FOR TRIAL BY JURY

Pursuant to FRCP 38, Plaintiff hereby demands a trial by jury.

DATED: April 28, 2008

Respectfully submitted,
THE HECKER LAW GROUP, PLC

By: _____
Gary A. Hecker, Esq.
James M. Slominski, Esq.

Attorneys for Plaintiff
Network Video Technologies, Inc.

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

HRL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

### I. (a) PLAINTIFFS
Network Video Technologies, Inc.

### DEFENDANTS
Nitek International, LLC and DOES 1-10

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gary A. Hecker, James M. Slominski
The Hecker Law Group, PLC
1925 Century Park East, Suite 2300
Los Angeles, California 90067

Attorneys (If Known)

E-filing

ADR

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [X] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 2201 et seq.

Brief description of cause:
Declaratory Judgment of Non-Infringement, Invalidity and Unenforceability of U.S. Patent No. 7,193,149

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". CV 07-4789 AHM(RZx), Central District of California, Honorable A. Howard Matz

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND  [ ] SAN JOSE

DATE 4/28/08
SIGNATURE OF ATTORNEY OF RECORD