SEYFARTH SHAW LLP
Robert S. Niemann (SBN 087973)
rniemann@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

GEORGE H. GERSTMAN
*Applied to Appear (Pro Hac Vice)*
ggerstman@seyfarth.com
SEYFRATH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

BRIAN L. MICHAELIS
*Applied to Appear (Pro Hac Vice)*
bmichaelis@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

Attorneys for Defendant
NITEK INTERNATIONAL, LLC.

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETWORK VIDEO TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> NITEK INTERNATIONAL, LLC and DOES 1 - 10, <br><br> Defendant. | Case No. C 08 2208 MHP <br><br> **DEFENDANT NITEK INTERNATIONAL, LLC'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIV. L.R. 7-11 AND 79-5(C), (D)** |

Defendant Nitek International, LLC ("NITEK") hereby moves this Court pursuant to Civil L.R. 7-11 and 79-5(c), (d), to file true and correct copies of the unredacted Declaration of Dan Nitzan ("Unredacted Nitzan Declaration") filed by Plaintiff Network Video Technologies, Inc. ("NVT") in opposition to NITEK's Motion to Dismiss NVT's First Amended Complaint for

1  Declaratory Judgment of Patent Non-Infringement, Invalidity and Unenforceability in its first
2  Declaratory Judgment action ("first DJ action"). A true and correct copy of the Unredacted
3  Nitzan Declaration, Exhibit 8b to the Declaration of George H. Gerstman in support of NITEK's
4  Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction under Fed. R. Civ. P.
5  12(b)(1) ("Gerstman Declaration"), is attached hereto in a sealed envelope pursuant to Civ. L.R.
6  79-5(c)(3), with the sealable portions highlighted within the text.
7      NITEK's request is made on the grounds that NVT designated large portions of its
8  opposition to NITEK's motion to dismiss in the first DJ action as "Highly Confidential," including
9  large portions of the Unredacted Nitzan Declartion, despite NITEK's objections. Accordingly, in
10 the instant Motion to Dismiss, NITEK must submit both a "Highly Confidential" sealed version
11 and a Non-Confidential (highly redacted) version of Mr. Nitzan's declaration. NITEK, therefore,
12 respectfully requests that this Court place under seal the above-referenced document.

DATED: June 9, 2008

SEYFARTH SHAW LLP

By_____
Robert S. Niemann
George H. Gerstman
Brian L. Michaelis

Attorneys for Defendant
NITEK INTERNATIONAL, LLC

# DECLARATION OF GEORGE H. GERSTMAN

I, George H. Gerstman, declare as follows:

1. I am an attorney at law registered to practice before the United States Patent and Trademark offices and am admitted to practice before various District Courts throughout the United States, various Courts of Appeal, including the United States Court of Appeal for the Federal Circuit, and the United States Supreme Court. I am a Partner with Seyfarth Shaw LLP, attorneys of record for Defendant NITEK International, LLC ("NITEK") in connection with the above captioned matter. The following is based upon my own personal knowledge and if called upon to testify thereto, I could and would accurately do so.

2. I make this declaration in support of NITEK's Administrative Motion for Leave to File Documents Under Seal Pursuant to Civ. L.R. 7-11 and 79-5(c) and (d) of the United States District Court for the Northern District of California.

3. Exhibit 8b to my declaration in support of NITEK's Motion to Dismiss contains a true and correct copy of the unredacted declaration of Dan Nitzan filed by Plaintiff Network Video Technologies, Inc. ("NVT") in opposition to NITEK's Motion to Dismiss NVT's First Amended Complaint for Declaratory Judgment of Patent Non-Infringement, Invalidity and Unenforceability in its first Declaratory Judgment action ("first DJ action").

4. NVT designated large portions of its opposition to NITEK's motion to dismiss n the first DJ action as "Highly Confidential," including large portions of the Unredacted Nitzan Declartion, despite NITEK's objections. Accordingly, in the instant Motion to Dismiss, NITEK must submit both a "Highly Confidential" sealed version and a Non-Confidential (highly redacted) version of Mr. Nitzan's declaration. Given NVT's insistence that the Unredacted Nitzan Declaration be designated as "Highly Confidential," NVT and its attorneys can suffer no prejudice by filing the Exhibit under seal.

//
//
//
//

1      I declare under penalty of perjury under the laws of the United States of America and the
2  State of California that the foregoing is true and correct. Executed this 9th day of June 2008 at
3  Chicago, Illinois.

                                                                       */s/ George H. Gerstman*

| | |
|---|---|
| 1 | **ORDER** |

Having considered the Administrative Motion for Leave to File Documents Under Seal Pursuant to Civ. L.R. 7-11 and 79-5(c), (d) ("Motion") and the Declaration of George H. Gerstman in support thereof filed by Defendant NITEK International, LLC ("NITEK"), and GOOD CAUSE APPEARING THEREFOR:

IT IS HEREBY ORDERED THAT the Motion is GRANTED and that the unredacted Declaration of Dan Nitzan ("Unredacted Nitzan Declaration") filed by Plaintiff Network Video Technologies, Inc. ("NVT") in opposition to NITEK's Motion to Dismiss NVT's First Amended Complaint for Declaratory Judgment of Patent Non-Infringement, Invalidity and Unenforceability in its first Declaratory Judgment action ("first DJ action") shall be filed under seal as Exhibit 8b to the George H. Gerstman declaration in support of the instant Motion to Dismiss.

IT IS SO ORDERED.

Date: 6/10/2008          By: _____

*IT IS SO ORDERED*
*Judge Marilyn H. Patel*

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. On June 9, 2008, I served the within documents:

**DEFENDANT NITEK INTERNATIONAL, LLC'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIV. L.R. 7-11 AND 75-5(C), (D)**
(filed Electronically without Attachment)

☐ I sent such document from facsimile machine (415) 397-8549 on June 9, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Overnite Express envelope with postage paid on account and deposited with Overnite Express at San Francisco, California, addressed as set forth below.

| | |
|---|---|
| Gary A. Hecker, Esq.<br>James M. Slominski, Esq.<br>The Hecker Law Group, PLC<br>1925 Century Park East, Ste 2300<br>Los Angeles, CA 90067 | Attorneys for Plaintiff<br>Network Video Technologies, Inc. |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on June 9, 2008, at San Francisco, California.

*Kathy J. Truesdale*
Kathy J. Truesdale