Gary A. Hecker, Esq. (State Bar No. 099008)
James M. Slominski, Esq. (State Bar No. 166357)
**THE HECKER LAW GROUP, PLC**
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone:  (310) 286-0377
Facsimile:   (310) 286-0488
Email:        ghecker@hh.com
              Jslominski@hh.com

Attorneys for Plaintiff
Network Video Technologies, Inc.

Robert S. Niemann (SBN 087973 – San Francisco Office)
George H. Gerstman (Pro Hac Vice – Chicago Office)
Brian L. Michaelis (Pro Hac Vice – Boston Office)
**SEYFARTH SHAW LLP**
560 Mission Street, Suite 3100
San Francisco, Ca. 94105
Telephone:  (415) 397-2823
Facsimile:   (415) 397-8549
Email:        rniemann@seyfarth.com
              ggerstman@seyfarth.com
              bmichaelis@seyfarth.com

Attorneys for Defendant
Nitek International, LLC

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETWORK VIDEO TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> NITEK INTERNATIONAL, LLC; and DOES 1-10, <br><br> Defendants. | Civil Action No. C-08-2208 MHP <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT/REPORT** <br><br> DATE:  September 15, 2008 <br> TIME:  2:00 P.M. <br> CRTM:  "15" |

- 1 -
CMC STATEMENT/REPORT

CH1 11551396.1

**To the Court:**

Plaintiff, Network Video Technologies, Inc. ("NVT") and Defendant, Nitek International, LLC ("Nitek") submit the following Case Management Conference Statement/Report:

1. Jurisdiction and Service

NVT contends that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §2201 et. seq. (the Declaratory Judgment Act). Defendant, Nitek, contends that there is no actual controversy and has challenged subject matter jurisdiction by way of a Motion to Dismiss. That Motion to Dismiss is set for hearing concurrently with the Case Management Conference.

All parties, except for the Doe Defendants, have been served.

No other jurisdictional issues are anticipated.

2. Facts

NVT has sued Nitek under 28 U.S.C. §2201(a) et. seq. (the Declaratory Judgment Act) seeking a judgment of non-infringement, invalidity and/or unenforceability of United States Patent No. 7,193,149.

Nitek has filed a Motion to Dismiss the Complaint for lack of subject matter jurisdiction based on Nitek's contention that there is no actual controversy.

3. Legal Issues

The Legal Issues set forth in the Complaint relate to infringement, validity, and enforceability of United States Patent No. 7,193,149.

The Legal Issue set forth in Nitek's Motion to Dismiss is whether there is an actual controversy creating subject matter jurisdiction under 28 U.S.C. §2201(a) et. seq. (the Declaratory Judgment Act).

4. Motions

There is a Motion to Dismiss for Lack of Subject Matter Jurisdiction pending before this Court. The Motion to Dismiss has been fully briefed and is ready for

decision. If that Motion is denied, the parties anticipate filing summary judgment and/or adjudication motions relating to infringement, validity, and enforceability of the type that are typically associated with patent infringement litigation.

5. <u>Amendment of Pleadings</u>

NVT does not anticipate a need to amend the pleadings at this time. Nitek does not yet know if it will need to amend any pleadings, given that its Motion to Dismiss has not yet been decided.

6. <u>Evidence Preservation</u>

The parties are aware of their duty to preserve evidence, including electronic records. They are going to address this issue in more detail by agreement as discovery commences.

7. <u>Initial Disclosures</u>

FRCP 26 disclosures have not yet been exchanged because Nitek's Motion to Dismiss for Lack of Subject Matter Jurisdiction has not been decided. If NITEK's Motion to Dismiss is denied, the parties have agreed to exchange FRCP disclosures three weeks after NITEK answers the Complaint.

8. <u>Discovery</u>

No substantive discovery in this action has occurred because NITEK's Motion to Dismiss for Lack of Subject Matter Jurisdiction has not yet been decided. A deposition was conducted by Plaintiff on the issue of personal jurisdiction in the related case identified below.

As for modifying the discovery rules and except for the timing changes set forth herein, the parties do not see a need to modify the rules at this time (subject to any party moving for additional discovery or to change those rules at a later date upon good cause).

9. <u>Class Actions</u>

Not applicable.

10. <u>Related Cases</u>

NVT v. Nitek, et. al., Case CV-07-4789 in the United States District Court for the Central District of California, dismissed without prejudice and presently on appeal by NVT to the United States Court of Appeals for the Federal Circuit, Case 08-1287.

11. <u>Relief</u>

NVT is seeking a declaratory judgment of non-infringement, patent invalidity, and/or patent unenforceability.

NITEK believes there is no actual controversy, that there is no subject matter jurisdiction, and that no trial is necessary.

12. <u>Settlement and ADR</u>

The parties have had informal settlement discussions which were not successful. The parties have agreed to further discuss ADR if the Court denies Nitek's pending Motion to Dismiss for Lack of Subject Matter Jurisdiction.

13. <u>Consent to Magistrate</u>

No.

14. <u>Other Anticipated References</u>

None.

15. <u>Narrowing of Issues</u>

If Nitek's pending Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied, the parties have agreed to address this issue in good faith prior to the pre-trial conference.

16. <u>Expedited Schedule</u>

No.

17. <u>Proposed Schedule</u>

The parties propose the following litigation schedule if Nitek's Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied, subject to the right of either party to move to alter or amend such schedule:

| | | |
|---|---|---|
| 1 | Exchange of Initial Disclosures: | 3 Weeks after Answer |
| 2 | First Day to Propound Discovery: | October 6, 2008 |
| 3 | Local Patent Rule 3-1 Disclosures: | November 3, 2008 |
| 4 | Local Patent Rule 3-3 Disclosures: | January 19, 2009 |
| 5 | Local Patent Rule 3-5 Disclosures: | November 3, 2008 |
| 6 | Local Patent Rule 4-1 Disclosures: | February 16, 2009 |
| 7 | Local Patent Rule 4-2 Disclosures: | March 9, 2009 |
| 8 | Local Patent Rule 4-3 Disclosures: | March 23, 2009 |
| 9 | Deadline re: Claim Construction Discovery: | May 4, 2009 |
| 10 | Local Patent Rule 4-5 Deadlines: | |
| 11 |     Opening Claim Construction Briefs: | May 18, 2009 |
| 12 |     Opposing Claim Construction Briefs: | June 1, 2009 |
| 13 |     Rebuttal Claim Construction Briefs: | June 8, 2009 |
| 14 | Proposed Claim Construction Hearing: | June 22, 2009 |
| 15 | Fact Discovery Cut-off: | July 6, 2009 |
| 16 | Opening Expert Disclosures/Report: | July 27, 2009 |
| 17 | Rebuttal Expert Disclosures/Report: | August 17, 2009 |
| 18 | Expert Discovery Cut-off: | September 7, 2009 |
| 19 | Motion Cut-off: | September 28, 2009 |
| 20 | Pre-trial Conference: | November 30, 2009 |
| 21 | Trial: | December 14, 2009 |

18. <u>Trial</u>

NVT has requested a 3-5 day jury trial. Nitek believes there is no actual controversy, that there is no subject matter jurisdiction, and that no trial is necessary.

19. <u>Disclosure of Interested Parties</u>

NVT has made the required disclosures. Nitek has not answered and, therefore, has not made its disclosures as of this date.

20. <u>Other Issues</u>

The parties have agreed to address this issue in good faith prior to the pre-trial conference.

DATED: August 27, 2008

**THE HECKER LAW GROUP, PLC**

By: _____
Gary A. Hecker, Esq.
James M. Slominski, Esq.
Attorneys for Plaintiff
Network Video Technologies, Inc.

DATED: August 29, 2008

**SEYFARTH SHAW LLP**

By: _____
Robert S. Niemann
George H. Gerstman
Brian L. Michaelis
Attorneys for Defendant
Nitek International, LLC